SAMUEL VEADER, PLAINTIFF-APPELLEE, v. FRED VEADER, DEFENDANT-APPELLANT.

Submitted February 16, 1915—Decided May 7, 1915.

When goods and chattels are lawfully in another's possession, under the District Court act (*Pamph. L.* 1898, *p.* 558, § 119; 2 *Comp. Stat., p.* 1992, § 119), which is a copy of section 2 of the Replevin act (3 *Comp. Stat., p.* 4368, § 2), the action of replevin will not lie without a refusal to deliver on demand. A demand is necessary to maintain the action.

---

On appeal from the District Court.

Before Justices TRENCHARD, BERGEN and BLACK.

For the appellant, *Elmer W. Romine.*

For the appellee, *King & Vogt.*

The opinion of the court was delivered by

BLACK, J.   This was an action of replevin for a horse. The case was tried in the District Court of the First Judicial District of Morris county with a jury.   The verdict was in favor of the plaintiff, on which a judgment for possession was entered in favor of the plaintiff and against the defendant.   The record shows that the defendant had obtained possession of the horse from the plaintiff by a replevin suit; in consequence of which he was in lawful possession.   The only evidence in the record of a demand is the following: "Defendant himself testified that the constable who served the writ issued in this case served some kind of a paper upon him before serving the writ of replevin, but that he could not remember what the paper contained."

The suit is brought under the act concerning District Courts (*Pamph. L.* 1898, *p.* 558, § 119; 2 *Comp. Stat., p.* 1992, § 119), which is identical in language with section 2 of the Replevin act.   *Rev.* 1877, *p.* 971; 3 *Comp. Stat., p.* 4368, § 2.   This statute was construed by this court in the case of *Woodside* v. *Adams,* 40 *N. J. L.* 417, 430.   The court there said: "But this statute does not confer a right on the owner of goods and chattels to maintain replevin in all cases when the goods are in another's possession.   There must be an unlawful detention.   In that respect the action of replevin is put on the same footing as the action of trover. There must be an actual conversion, or a refusal to deliver on demand, which is evidence of conversion, before the detention becomes unlawful.   To constitute a conversion of goods, there must be some repudiation by the defendant of the owner's right, or some exercise of dominion over them by him inconsistent with such right, or some act done which

has the effect of destroying or changing the quality of the chattel."

At the close of the case, the defendant moved for the direction of a verdict, on the ground that no written demand for the horse had been served upon the defendant before the institution of the suit. The absence of proof of a demand is fatal. The judgment must therefore be reversed and a new trial awarded.

The only other point in the case that needs to be referred to, is whether the plaintiff's testimony as to transactions with the deceased was competent. This has no legal merit because the record shows that the parties to the suit were not in a representative capacity, and even if it was otherwise, the defendant was sworn and testified also to statements by the deceased.

The judgment is reversed and a new trial awarded.